**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

UNITED STATES OF AMERICA, )
)
          Plaintiff, )
)
      v. )         No. 08-00297-CR-W-FJG
)
ANGELA R. CLARK, et al., )
)
         Defendant. )

# ORDER

On April 23, 2010, the government filed a Notice of Its Intent to Offer Evidence of

Other Crimes that are Inextricably Intertwined with the Charged Offenses or in the

Alternative Under Federal Rule of Evidence 404(b) (Doc. No. 328).  Defendant Cynthia

Jordan filed Objections to Government's Notice of Concurrent Acts and/or Rule 404(b)

Notice (Doc. Nos. 366, 376).

The Indictment charges that Jordan, in her capacity as a loan officer, conspired

to defraud mortgage lenders by causing to be prepared loan applications that submitted

false and/or fraudulent information in a scheme that involved buying and selling new

homes in Lee's Summit and Raymore, Missouri. (See Indictment at Counts 1, 10, 11, 17

& 26).  The government seeks to introduce evidence under F.R.E 404(b) of three real

estate transactions involving Jordan, which are not charged in the indictment, to

demonstrate Jordan's motive, intent, plan, knowledge, identity, and absence of mistake

or accident to commit the present alleged offenses.  The government seeks admission

of the following real estate transactions: (1) 2000 SW Sterling, Lee's Summit, Missouri

(Sterling); (2) 9624 North Crescent Court, Kansas City, Missouri (North Crescent); and

(3) 808 W. Greenway Terrace, Kansas City, Missouri (Greenway Terrace).

Jordan purchased and sold the North Crescent property on June 3, 2005, for $355,000 and sold the home on July 1, 2005 for $555,000.  Jordan purchased the Greenway Terrace property on November 29, 2005, for $537,000 and sold the property on February 3, 2006, for $760,000.  The government argues the similarities between these two transactions and the charged transactions include inflation of the price of the house, the loan paperwork for the purchases and sales contained false statements as to occupancy and income, the buyers and others set up companies in third-party names in order to receive the loan proceeds without the lender's knowledge, the buyer or a co-conspirator submitted false invoices to the title company, and the buyers and others received cash after closing, through their third-party companies.

In addition, the Government intends to offer Jordan's re-financing of 2000 SW Sterling to show (1) the discrepancy in income between what Jordan claimed when purchasing the house on Sterling in December 2004 and the income she claimed when purchasing the North Crescent property in June 2005 and the Greenway Terrace property in November 2005; and (2) her misrepresentation of owner occupancy as a primary residence.  The government argues both of these misrepresentations were made by Jordan and the borrower in three of the four loans in which she is charged in the instant Indictment.

Defendant Jordan argues the evidence is inadmissible because there are several important distinctions between the charged transactions, and those which the Government offers under  F.R.E 404(b).  Jordan argues the issue in the indicted conspiracy relates to Jordan's limited fiduciary obligations as a loan officer, including

whether, by sending "stated income" loan applications to underwriters where the buyers attested to being truthful, Jordan knew the buyers were actually misrepresenting their personal information and receiving money back outside of the loan closings. Thus, Jordan argues evidence of the uncharged transactions is inadmissible propensity evidence under F.R.E 404(b) because: (1) Jordan was the loan officer in the indictment, while she was a buyer and seller in the uncharged transactions; (2) unlike the charged loans, where proceeds to the buyer were not disclosed at closing, Jordan did not receive undisclosed money as a buyer; (3) the indicted transactions involve new homes in the same subdivision where the uncharged transactions do not; and (4) the charged transactions involve "stated income" loans, while the other transactions do not. Jordan further claims presentation of the uncharged transactions will confuse the jury because they do not implicate Jordan's fiduciary obligation with regard to the critical distinction that a limited fiduciary role does not automatically imply knowledge or endorsement of the buyer's actions. Thus, Jordan claims the proffered evidence is inadmissible under F.R.E 402, 403 and 404(b).

Evidence is admissible under Rule 404(b) when the crime is: (1) relevant to a material issue, (2) similar in kind and reasonably close in time to the crime charged, (3) supported by sufficient evidence, and (4) such that its probative value is not substantially outweighed by its prejudicial effect. United States v. Ruiz-Estrada, 312 F.3d 398, 403 (8th Cir. 2002). The Eighth Circuit consistently views Rule 404(b) as "one of inclusion, permitting admission of other crimes, wrongs or bad acts material to an issue at trial unless the evidence tends to prove only the defendant's criminal disposition. United States v. Rolett, 151 F.3d 787, 791 (8th Cir. 1998).

The Indictment charges Jordan for her role as a loan officer in the alleged conspiracy. The scope of a loan officer's responsibilities is an issue of fact for trial, but at minimum, presents the question of whether, by sending "stated income" loan applications to underwriters including buyer occupancy and income information, Jordan knew the buyers were misrepresenting their personal information and receiving money back outside of the loan closings. The Court finds the uncharged transactions are admissible under 404(b) because they are relevant to illustrating the material issues of Jordan's knowledge of the scheme and intent behind her role in the alleged conspiracy. The uncharged transactions are not barred by F.R.E 403 because there is sufficient probative value to the proffered evidence to illustrate the extent of the knowledge, absence of mistake, motive and intent Jordan possessed as a loan officer in the alleged conspiracy charged in the indictment. If Jordan aims to draw a distinction between her fiduciary role as a loan officer and that as a buyer and seller in the uncharged transactions, defense counsel may draw such distinctions for the jury in cross-examination of the expert witness testifying on the matter. Thus, the evidence is not precluded by F.R.E 403 because the probative value of the uncharged transactions is not substantially outweighed by prejudice and confusion of the issues.

Accordingly, the government has provided adequate notice of its intent to introduce evidence under F.R.E. 404(b). Evidence of the property transactions involving Hidden Ridge and Canter Circle is admissible.

**IT IS SO ORDERED**.

Dated:__05/18/10____.                    **/s/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri.                    Fernando J. Gaitan, Jr.
                                          Chief United States District Judge